

PO BOX 100134 | COLUMBIA, SC 29202-3134 | PALMETTOGBA.COM | ISO 9001    A CELERIAN GROUP COMPANY

January 22, 2014

Lester J. Perling, P.A.
One Financial plaza, Suite 2700
Fort Lauderdale, FL 33394

### RE: MEDICARE PART B HEARING OFFICER HEARING DECISION

| | |
|---|---|
| Beneficiaries: | See Exh.1 |
| Medicare Numbers: | Multiple, see Exh. 1 |
| Dates of Service: | October 1, 2002 – October 31, 2012 |
| Type of Service: | Multiple, see Exh. 2 |
| Provider: | Jorge Zamora-Quezada, M. D. |
| Claim Numbers: | Multiple, see Exh. 1 |

**This decision is Fully Favorable. Please see below regarding further appeal rights.**

Dear Mr. Perling,

This is in response to your request for an in-person hearing, filed on behalf of Dr. Jorge Zamora Quezada. M. D. This request involves Part B services provided to the Medicare beneficiaries listed on Exh. 1.

Dr. Zamora accepted assignment on the claims in question. This gives him the same right to appeal as the beneficiaries.

According to the guidelines set forth by the Centers for Medicare & Medicaid Services (CMS) in Section 12021 of the Medicare Carriers Manual, regardless of the type of hearing requested (telephone, in-person, or a decision based on-the-record) the hearing officer prepares and sends to the claimant a decision based on the facts in the record (OTR), unless one of the following apply: the OTR would significantly delay the hearing, the issue is medical necessity, oral testimony and cross-examination is necessary to clarify the facts, or the carrier cannot provide a different hearing officer for the requested hearing. The preliminary OTR hearing was not conducted in this case because oral testimony and cross-examination was necessary to clarify the facts of this case.

An in-person hearing was held on October 11, 2013 at Dr. Zamora's office in San Antonio, Texas. In attendance, Lester Perling, attorney representing Dr. Zamora, Jean Acevedo, consultant and Dr. Zamora's office manager, Jenie Solis.

Prior to the hearing I faxed to you information about the Medicare hearing process, the facts and issues of this case, and a confirmation of the date and time of the hearing.



A CMS-Contracted Medicare Administrative Contractor

This is a new and independent decision on these Medicare Part B services. I made it based on the testimony received during the in-person hearing, the evidence in the file, including any new evidence you have sent with or since the time of your hearing request. If you have any questions about it or about your rights, write to me at the address given at the bottom of the first page of this decision.

I decided this case under the Supplementary Medical Insurance benefit provisions of Title XVIII of the Social Security Act. This decision applies only to the services and circumstances I considered on the claims in question. Please contact me if you have questions about this decision, about the procedures I followed to reach it, or want copies of the law, regulations, or policy on which I based the decision.

**APPLICABLE LAWS AND REGULATIONS:** Title XVIII of the Social Security Act is the section of federal law that covers Medicare. Section 1862(a)(1) of Title XVIII states that items and services that are *reasonable and necessary* for the diagnosis and treatment of illness or injury are covered under the Medicare Program. Also Section 1870[42 U.S.C. 1395gg] (a) Any payment under this title to any provider of services or other person with respect to any items or services furnished any individual shall be regarded as a payment to such individual (b)Where – more than the correct amount is paid under this title to a provider of services or other person for items or services furnished an individual and the Secretary determines (A) that, within such period as he may specify, the excess over the correct amount cannot be recouped from such provider of service or other person, or (B) that such provider of services or other person was without fault with respect to the payment of such excess over the correct amount.

The Centers for Medicare & Medicaid Services (CMS) is the federal agency responsible for the Medicare program. It works through contracts with intermediaries and carriers nationwide. The CMS issues manuals, such as the Medicare Carrier's Manual (MCM), that all providers, contractors and hearing officers are required to follow. These manuals are based on the law and federal regulations.

**BACKGROUND:** On letter dated January 21, 2005, Trailblazer Health Enterprises notified Dr. Zamora of an overpayment in the amount of $3,311,283.38.

Tricenturion, a Program Safeguard Contractor (PSC), selected a sample of 166 claims, from charges submitted between 01/08/02 thru 10/18/02. Claims were reviewed to determined medical necessity. Dr. Zamora was asked to submit supporting medical documentation. Based on the documentation submitted, Trailblazer determined services were not medically necessary.

This overpayment is the result of a projected medical review post-payment. The actual overpayment is $109,470.98.

Provider filed a timely appeal and an in-person hearing was conducted. This hearing was not finalized and there is no record in the case file documentation. Case was later referred to the Department of Justice for review, but there is no indication this review was completed. Upon ending their contract with CMS, in 2012, Trailblazer transferred this case

to Palmetto GBA for completion. An in-person hearing took place in San Antonio, TX, October 11 of 2013. This decision is the result of this hearing.

**ISSUE:** The issues before this hearing officer include all the issues conveyed in the initial overpayment determination:
1. Are the services provided by Dr. Zamora for the dates of service in question, medically necessary, as defined by Section 1862 (a)(1) of the Social Security Act.
2. If services are found to be not medically necessary, is the provider liable under Section 1879 (limitation of liability) or;
3. Is the provider at fault based on Section 1870 (e) of Title XVIII of the Social Security Act.

**DECISION:** After careful consideration of the evidence and arguments presented at the hearing, a Fully Favorable Decision is issued:
1. Sampling frame cannot be re-created or verified, therefore, the overpayment projection is invalid.
2. Based on the information in the file, the findings of the physician consultant and Palmetto GBA's Medical Review, I find all services from the actual overpayment to be medically necessary; with the exception of services rendered to the beneficiaries listed on Exh. 3.
3. The provider, Dr. Jorge Zamora-Quezada, is found to be not liable, under 1870 of the Social Security Law, for the services found to be not medically necessary. These services are listed under Exh. 3.

**RATIONALE FOR THIS DECISION:**

This appeal involves Part B services provided by Dr. Jorge Zamora-Quezada, M. D., to Medicare beneficiaries, for dates of service ranging from 01/01/02 – 10/31/02. Payment was initially allowed for all services, as billed. However, on January 21 of 2005, Tricenturion, a Program Safeguard Contractor, issued an overpayment demand letter. The letter indicated that 166 claims were randomly selected from a total of 26,173 claim detail lines. The review revealed that Dr. Zamora consistently failed to document appropriately the services billed to Medicare. The total overpayment for the sample was $109,470.98.

Using an Excel-based application the PSC projected the overpayment to the sampling frame, resulting in a total overpayment of $3,311,283.38. The reasons cited for the overpayment are lack of supporting medical documentation and/or billing for a different reimbursement level. The overpayment letter indicate Dr. Zamora is responsible for being aware of correct claim filing procedures, and must use care when billing and accepting payment.

Subsequent to the initial review, and prior to scheduling the hearing, Trailblazer hired a physician consultant to review the medical records. On letter dated December 21, 2005,

hearing officer, Dorothy Scadden notified Mr. Perling that a second review has taken place. The findings of the physician consultant are included under Exh. 4.

Considering the length of time, between the initial overpayment demand and the in-person hearing, this hearing officer requested that Palmetto GBA verify the validity of the overpayment. The Medicare Program Integrity Manual, Chapter 8, Section 8.4.1.1 provide instructions to Medicare Benefit Integrity units to ensure the samples are statistically valid and statistically valid methods are used to project overpayments. On letter dated March 13 of 2013, The Statistical Analysis department at Palmetto GBA indicated the validity of the sampling could not be verified because the PSC did not provide an electronic sampling frame. Section 8.4.4.4.1, indicates the PSC is responsible for keep documentation regarding the Universe and Frame. "A record shall be kept of the random numbers actually used in the sample and how they were selected. Sufficient documentation shall be kept so that the sampling frame can be re-created, should the methodology be challenged."

Since the carrier is unable to re-create and verified the sampling methodology, I find the projection to be invalid.

Medical necessity was determined by Palmetto GBA's Medical Review unit and the physician consultant hired by Trailblazer to review the documentation. The remaining claims, for beneficiaries listed on exhibit 3, are not medically necessary but the provider is not liable based on Section 1870 of the Act.

## **Limitation of Liability**

Section 1870 of the Act governs the recovery of overpayments, based upon provider or beneficiary fault. This section of the SSA Law provides for a waiver of recovery of an overpayment to a provider or supplier if it is "without fault" in incurring the overpayment. Section 1870(b) does not define the meaning of the term "without fault"; however, the Medicare Financial Management Manual, CMS Pub. 100-06, Ch. 3, Section 90, provides guidance. A provider is without fault if it exercised reasonable care in billing for, and accepting the payment;

- It made full disclosure of all material facts; and
- On the basis of the information available to it, but not limited to, the Medicare instructions and regulations, it had a reasonable basis for assuming the payment was correct, or if it had reason to question the payment; it promptly brought the question to the carrier's attention.

A provider dissatisfied with the overpayment determination is entitled by law and regulations to a reconsideration of the determination to deny services. See Medicare Program Integrity Manual, Chapter 8, Section 8.1. In this particular case, the in-person hearing was scheduled eight years after the overpayment letter was issued. During this time, some of the documentation was misplaced and could not be verified. Furthermore, the carrier was unable to certify the validity of the overpayment statistical sampling, rendering the projection invalid.

A Hearing Officer must comply with the provisions of Title XVIII of the Act, related regulations, policy statements, instructions, and other guides issued by CMS. The hearing Officer must evaluate the evidence in the file and any other documentary evidence. The evidence presented for this case is at best, conflicting and wholly lacking. I must find the provider, not liable, for the claims denied for lack of medical documentation, under section 1870. As previously stated, the overpayment projection is not valid. Medical Necessity was established by a physician consultant and the medical review staff for the remaining claims in question. Therefore, the provider is not liable for any of the claims involved in this overpayment or the projection.

**FURTHER APPEAL RIGHTS: ADMINISTRATIVE LAW JUDGE HEARING**

If you are satisfied with this decision, you do not need to take further action. If you are not satisfied with this decision, and you meet the requirements for requesting an Administrative Law Judge hearing, you must act quickly to appeal.

The law requires that at least $ 140.00 remain in controversy for you to appeal this decision to the Administrative Law Judge (or ALJ) hearing AND that your request for ALJ hearing be made within sixty (60) days after your receipt of this decision.

If less than $ 140.00 remains in question, you may be able to combine the claim or claims that are the subject of this HO decision with claims from other recently issued HO decisions you have received (or may receive) to meet the $ 140.00 amount remaining in controversy requirement. This is called "aggregating claims" and more information is provided below.

You or your authorized representative (if you have appointed a representative) may write to request an ALJ hearing.

If you qualify for, and wish to request, an ALJ hearing, you can request an ALJ hearing by writing to this office at the address below, to any CMS office, or to any Social Security Office within 60 days after you receive this decision. A qualified Railroad Retirement Board beneficiary may send a request for ALJ hearing to an office of the Railroad Retirement Board. Although you may include additional evidence with your request for ALJ hearing, you may also present evidence supporting your claim at the ALJ hearing itself.

**HHS OMHA Centralized Docketing**
**200 Public Square, Suite 1260**
**Cleveland, OH 44114-2316**

**AGGREGATION OF CLAIMS:**

To "aggregate claims" each claim included in your request for ALJ hearing must be appealed within sixty (60) days from the date the HO decision was issued on the claim, and each claim must have already received a HO hearing decision.

If you wish to request an ALJ hearing by combining the amounts remaining in controversy from other claims, you must state on your request for ALJ hearing that you are "aggregating claims" and you must list the claims on your request.

A party may aggregate claims to meet the $ 140.00 amount remaining in controversy requirement for an Administrative Law Judge hearing in one or more of the following ways:

1. An individual beneficiary may combine claims from two or more physicians or suppliers to meet the amount remaining in controversy requirement IF each claim has had a HO hearing decision issued AND the request for Administrative Law Judge hearing is timely- filed for all of the claims included in the aggregation request;
2. An individual physician or supplier may combine claims from two or more beneficiaries to meet the amount remaining in controversy requirement IF each claim has had a HO hearing decision issued AND the request for Administrative Law Judge hearing is timely- filed for all of the claims included in the aggregation request.
3. Two or more beneficiaries may combine their claims for services received from either the same or different physician or supplier IF the claims involve common issues of law and fact, AND each of the claims has had a HO hearing decision issued, AND the request for Administrative Law Judge hearing is timely- filed for all of the clams included in the aggregation request.
4. Two or more physicians or suppliers may combine their claims IF the claims involve the delivery of similar or related services to the same beneficiary, AND each of the claims has had a HO hearing decision issued, AND the request for Administrative Law Judge hearing is timely- filed for all of the claims included in the aggregation request; or,
5. Two or more physicians or suppliers may combine their claims, IF the claims involve common issues of law and fact for services furnished to two or more beneficiaries, AND each of the claims has had a HO hearing decision issued, AND the request for Administrative Law Judge hearing is timely- filed for all of the claims included in the aggregation request.

The Administrative Law Judge is responsible for deciding what are "common issues of law and fact" and what are "similar or related services". You may wish to include in your request for Administrative Law Judge hearing an explanation of why you think the claims that you have combined seem to involve either "common issues of law and fact" or why the claims are for "similar or related services."

This decision applies only to the services and circumstances I considered on the claim(s) in question. If you want copies of the applicable statute, regulations and manual guidelines used in this decision, please let me know. Please attach a copy of this letter to your request. If you need more information or have any questions regarding your case, please contact me at the above address.

**REOPENING THIS DECISION:** If you are not able to combine claims to meet the $140.00 minimum for an ALJ hearing, your appeal rights regarding this claim are exhausted. However, I can reopen this hearing if I made a mistake, or if you have evidence that was not available when this hearing decision was rendered. To ask me to reopen, write to me no later than 1 year from the date of this letter. In your request, send me a copy of any information not previously considered. If you feel that I made a mistake, please identify what you feel to be in

error. Send the information to my attention at the address shown on the front page of this letter.

Please contact this office if you have any questions regarding this decision.

Sincerely,

Cecilia Taylor
Medicare Hearing Officer